

DEBORAH AHO SMITH,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:19-cv-469

SCHOOL BOARD OF THE
CITY OF VIRGINIA BEACH,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant School Board of the City of Virginia Beach's ("Defendant") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 18–19. Also, before the Court is Defendant's request to consolidate all counts in the Complaint. *Id.* Having reviewed the Parties' filings in this case, the Court finds that this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**. The Court also grants Defendant's request to consolidate Counts 2 through 4.

### I. FACTUAL AND PROCEDURAL HISTORY

According to Defendant's policies and regulations, all teachers are required to serve an initial probationary term of service for three years. ECF No. 17 at ¶ 11; Exhibit ("Ex.") 6. The school board has the option to extend a teacher's probationary period for an additional two years. ECF No. 17 at ¶ 12; Ex. 6. After a teacher completes the probationary period, that teacher is entitled to a continuing contract during good behavior and competent service. *Id.* at ¶ 14. If the school board decides not to renew a teacher's contract, the school board must provide "written notice of nonrenewal of the probationary contract" on or before June 15 of each year. ECF No. 17 at ¶ 15.

If no notice is provided, the teacher is entitled to a contract for the following year in accordance with local salary stipulations including increments. *Id.* at ¶ 16.

Plaintiff Deborah Aho Smith ("Plaintiff") was employed by Defendant from September 15, 2013 until in or about June 2018. *Id.* at ¶¶ 17–29. During the 2017-2018 school year, Plaintiff was under a written contract as a 10th grade English Teacher at Kempsville High School. *Id.* at ¶ 27. This was Plaintiff's fifth teaching service year with Defendant and her second year as an English Teacher at Kempsville High School. *Id.* at ¶¶ 24–27.

In the Spring of 2018, Plaintiff taught the "Stereotype Lesson," a lesson to teach students the meaning of stereotypes. *Id.* at ¶¶ 40, 45. As part of the lesson, students identified various racial, ethnic, and social groups such as "Blacks, Asians, jocks, cheerleaders and 'courtyard kids.'" *Id.* at ¶ 47. The name of each group was written at the top of a large Post-It note, and each student wrote stereotypes on the Post-It note for each group. *Id.* at ¶¶ 48–54. Afterwards, Plaintiff had a discussion with students focusing on the fact that stereotypes were inaccurate and inappropriate. *Id.* at ¶ 55. During the lesson, a student took a photo of the Post-It note that was labeled for "Blacks." *Id.* at ¶ 57. This photo was eventually posted on social media. *Id.* at ¶ 60. Defendant then received a complaint regarding Plaintiff's "Stereotype Lesson" from a parent and several people contacted WAVY news which later published an article about the incident. *Id.* at ¶¶ 61–66. Plaintiff was placed on administrative leave while Defendant investigated. *Id.* at ¶ 73. Defendant ultimately fired Plaintiff. *See id.* at ¶¶ 79–85.

On September 10, 2019, Plaintiff initiated suit against Defendant claiming unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § ("Section 1981), and breach of contract. ECF No. 1. After Defendant filed a Motion to Dismiss for

failure to state a claim for race discrimination under 42 U.S.C. § 1981, Plaintiff voluntarily dismissed this claim. ECF Nos. 5, 10. Plaintiff filed her First Amended Complaint on December 9, 2019. ECF Nos. 16, 17. In the First Amended Complaint, Plaintiff maintains her race discrimination claim under Title VII and breach of contract claims. ECF No. 17. Specifically, Plaintiff alleges the following: Race Discrimination in violation of Title VII (Count 1); Breach of Contract by Dismissal Without Good and Just Cause Required under Virginia Code § 22.1-307 (Count 2); Breach of Contract By Dismissal Without Good Cause Required Under Policy 4-2 (Count 3); Breach of Contract By Inconsistent and Unfair Application of Disciplinary Action Required Under Policy 4-2 (Count 4); and Breach of Contract By Failure to Issue Contract for 2018-2019 School Year (Count 5). *Id.*

On December 13, 2019, Defendant filed a Motion to Dismiss Count 5 of the First Amended Complaint for failure to state a claim. ECF Nos. 18–19. Defendant also requested that Counts 2 through 4 be combined into one count for breach of contract. ECF No. 19. Plaintiff opposed both the motion and the request to combine Counts 2 through 4 on December 26, 2019. ECF No. 21. On December 31, 2019, Defendant replied. Having been fully briefed, this matter is now ripe for judicial review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In considering a Rule 12(b)(6) motion to dismiss, a Court may "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also* Fed. R. Civ. P. 10(c).

### III. DISCUSSION

#### a. *Dismissal of Count 5*

Count 5 of Plaintiff's First Amended Complaint alleges Defendant breached its contract by failing to issue contract for 2018-2019 school year which is mandated by Virginia Code § 22.1-304(A). ECF No 17 at ¶ 110-111. The elements of a breach of contract action in the Commonwealth of Virginia require a plaintiff to prove the following: (1) a legally enforceable obligation; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to plaintiff caused by the breach of the obligation. *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006); *see also Ostrem v. Arlington Cty. Sch. Bd.*, No. 1:18-CV-746, 2019 WL 6188278, at *6 (E.D. Va. Nov. 19, 2019). The parties dispute whether Defendant had a legally enforceable obligation to "issue" Plaintiff a contract for the 2018-2019 school year. Defendant argues that there is no contractual obligation that Defendant "issue" a contract, and that this obligation is neither cited in law nor its school regulation. ECF No. 19 at 7–8. Plaintiff argues that Virginia Code § 22.1-

4

304(A) supports the "issuance" of a new contract if a school board fails to notify a teacher of nonrenewal. ECF No. 20 at 2–5.

Virginia Code § 22.1-304(A) requires a school board to provide teachers "written notice of nonrenewal of the probationary contract...on or before June 15 of each year." This notice of non-renewal of the contract is incorporated into Defendant's Policy 4-57.1. Ex. 10 at ¶ 6. If the school board fails to give notice to a teacher by June 15, that teacher "shall be *entitled* to a contract for the ensuing year in accordance with local salary stipulations including increments." Virginia Code § 22.1-304(A). Virginia Code § 22.1-302 provides that the school board should provide all teachers, except those temporarily employed, with a written contract, before he or she enters upon his or her duties. Both parties must sign the contract, and both parties are provided a copy of the contract. Virginia Code § 22.1-302. Thus, all employment contracts with teachers, whether annual or continuing, should be in writing. *See also* 8 Virginia Administrative Code ("VAC") 20-441-40.

Outside of the nonrenewal context, Virginia school boards have broad discretion in dismissing employees. *See Lee v. Albemarle Cty. Sch. Bd.*, 648 F. Supp. 744, 749 (W.D. Va. 1986), aff'd, 829 F.2d 1120 (4th Cir. 1987). Virginia Code § 22.1-307 provides that "[t]eachers may be dismissed for incompetency, immorality, noncompliance with school laws and regulations...or other good and just cause." Defendant's policy 4-2 also provides that "[d]isciplinary action shall be consistently and fairly applied and shall be taken only for good reason."

According to the Complaint, Plaintiff had a continuing contract with Defendant. ECF No. 17 at ¶ 11–16. Contrary to Virginia law, Defendant failed to provide Plaintiff a notice of nonrenewal for the 2018-2019 school year. *Id.* at ¶ 30. The statute is clear that the remedy for a failure to provide notice of nonrenewal is an entitlement to a contract for the following year. Virginia Code § 22.1-304(A); *Sch. Bd. of City of Norfolk v. Giannoutsos*, 380 S.E.2d 647 (Va.

1989) (noting that a probationary school teacher's sole remedy for a school board's violation of statute requiring notice of nonrenewal was entitlement to contract for the ensuing year). Thus, Plaintiff was entitled to a contract for the 2018-2019 school year, and based on Virginia law, that contract should have been provided in writing. *See* Virginia Code § 22.1-302; *see also* 8 Virginia Administrative Code ("VAC") 20-441-40.

However, Defendant has broad discretion in dismissing employees for "other or just cause." Virginia Code § 22.1-307. It follows then that in the absence of a notice of nonrenewal, Plaintiff is entitled to a contract for the following year if Plaintiff is not otherwise dismissed for good cause. Whether Plaintiff was dismissed for good cause under Virginia law or for good reason under Defendant's policy, is at the heart of Plaintiff's breach of contract claim. In fact, Count 2 of Plaintiff's First Amended Complaint alleges Breach of Contract by Dismissal without Good and Just Cause required under Virginia Code § 22.1-307, and Count 3 alleges Dismissal without Good Cause Required Under Policy 4-2. Thus, the allegation in Count 5 is linked to the allegations in Counts 2 and 3. Outside of a determination about whether Defendant dismissed Plaintiff for good cause or reason, Count 5 does not specifically state an obligation on behalf of Defendant. In other words, Defendant is not obligated to issue a written contract if Plaintiff is otherwise dismissed for good cause or good reason. Thus, Count 5 is not a legally enforceable obligation, and therefore does not state a claim for breach of contract. Count 5 is therefore dismissed.

b. *Merger of Counts 2 through 4*

The Court now considers whether merger of Counts 2 through 4 is appropriate in this case. When two or more counts in a complaint contain the same factual allegations, legal theory, and request the same relief, a court may merge these counts. *See* Fed. R. Civ. P. 8(e)("[p]leadings must be construed so as to do justice"); *see also Planate Mgmt. Grp., LLC v. United States*, 139 Fed.

Cl. 61, 73–74 (2018) (noting that two or more counts in a complaint may be merged when they contain the same factual allegations and request the same relief). Labeling a claim differently "does not alter its fundamental nature." *See Planate Mgmt. Grp.*, LLC, 139 Fed. Cl. at 73–74.

Counts 2 through 4 in Plaintiff's First Amended Complaint each state a breach of contract claim based on different provisions in the Plaintiff's employment contract. Specifically, Count 2 alleges Defendant breached Plaintiff's employment contract when it dismissed her without good and just cause which is required under Virginia law. ECF No. 17 at 20–21. Count 3 alleges Defendant breached Plaintiff's employment contract when it dismissed her without good cause as required under Policy 4-2. *Id.* at 21–22. And Count 4 alleges that Defendant breached Plaintiff's employment contract by inconsistent and unfair application of disciplinary action required under Policy 4-2. *Id.* at 22–23. The fundamental nature of each count is whether Defendant breached Plaintiff's employment contract when it dismissed her. Thus, the subject of Plaintiff's breach of contract claim is Plaintiff's employment contract with Defendant, and Plaintiff's employment contract requires compliance with both Virginia law and Defendant's policies. Furthermore, Counts 2 through 4 rely on the same factual allegations, legal theory, and request the same relief. Thus, given the fact that Counts 2 through 4 are based on a single employment contract, rely on the same factual allegations, and request the same relief, the Court finds that it is appropriate for Counts 2 through 4 to be combined into a single count (Count 2) for breach of contract.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss Count 5 of the First Amended Complaint is **GRANTED**. Defendant's request to merge Counts 2 through 4 is also **GRANTED**. Therefore, the First Amended Complaint has a single count ("Count 2") for Breach of Contract.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 30, 2020

Raymond A. Jackson
United States District Judge