**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DEBORAH AHO SMITH,**

        **Plaintiff,**

**v.**                                    **Civil Action No. 2:19-cv-00469**

**SCHOOL BOARD OF THE CITY OF**
**VIRGINIA BEACH,**

        **Defendant.**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**
**WITH AUTHORITIES CITED**

    Deborah Aho Smith ("Plaintiff"), by counsel, submits the following proposed jury instructions with authorities cited.

INDEX

ROLE OF THE COURT

ROLE OF THE JURY

CONDUCT OF COUNSEL

BURDEN OF PROOF - GENERAL INSTRUCTION

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

WHAT IS AND IS NOT EVIDENCE

DIRECT AND CIRCUMSTANTIAL EVIDENCE

DEPOSITIONS

INFERENCE DEFINED

WITNESS CREDIBILITY

DISCREPANCIES IN TESTIMONY

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

EXPERT WITNESSES

TITLE VII - GENERALLY

TITLE VII - MIXED MOTIVE

TITLE VII - PRETEXT

TITLE VII - ADVERSE ACTION

TITLE VII - COMPENSATORY DAMAGES - GENERALLY

TILE VII - MITIGATION OF DAMAGES

TITLE VII - COMPENSATORY DAMAGES FOR PAIN AND SUFFERING

TITLE VII - BACKPAY AND FRONTPAY

TITLE VII - DAMAGES FOR LOSS OF EARNINGS RESULTING FROM HARM TO THE PLAINTIFF'S REPUTATION

TITLE VII - NOMINAL DAMAGES

CONTRACT - ISSUES AND BURDEN OF PROOF

CONTRACT - DEFINITION OF CONTRACT

CONTRACT - OFFER

CONTRACT - ACCEPTANCE

CONTRACT -  CONSIDERATION

CONTRACT -  EXPRESS CONTRACT

CONTRACT -  IMPLIED CONTRACT

CONTRACT - CONTRACT CONSTRUED AS A WHOLE

CONTRACT -  ORDINARY MEANING OF WORDS

CONTRACT - CONSTRUCTION AGAINST THE DRAFTER

CONTRACT - MATERIAL BREACH OF CONTRACT

CONTRACT - DAMAGES - DIRECT

CONTRACT - DAMAGES - REASONABLE PROOF

CONTRACT - DAMAGES - CONSEQUENTIAL

CONTRACT - DAMAGES - DUTY TO MITIGATE

CONTRACT -  FINDING INSTRUCTION

DUTY TO DELIBERATE; UNANIMOUS VERDICT

SELECTION OF FOREPERSON

RETURN OF VERDICT

PLAINTIFF'S INSTRUCTION NO. 1

INSTRUCTION NO. _____

ROLE OF THE COURT

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES.

MY DUTY AT THIS POINT IS TO INSTRUCT YOU AS TO THE LAW. IT IS YOUR DUTY TO ACCEPT THESE INSTRUCTIONS OF LAW AND APPLY THEM TO THE FACTS AS YOU DETERMINE THEM, JUST AS IT HAS BEEN MY DUTY TO PRESIDE OVER THE TRIAL AND DECIDE WHAT TESTIMONY AND EVIDENCE IS RELEVANT UNDER THE LAW FOR YOUR CONSIDERATION.

ON THESE LEGAL MATTERS, YOU MUST TAKE THE LAW AS I GIVE IT TO YOU. IF ANY ATTORNEY HAS STATED A LEGAL PRINCIPLE DIFFERENT FROM ANY THAT I STATE TO YOU IN MY INSTRUCTIONS, IT IS MY INSTRUCTIONS THAT YOU MUST FOLLOW.

YOU SHOULD NOT SINGLE OUT ANY INSTRUCTION AS ALONE STATING THE LAW, BUT YOU SHOULD CONSIDER MY INSTRUCTIONS AS A WHOLE WHEN YOU RETIRE TO DELIBERATE IN THE JURY ROOM.

YOU SHOULD NOT, ANY OF YOU, BE CONCERNED ABOUT THE WISDOM OF ANY RULE THAT I STATE. REGARDLESS OF ANY OPINION THAT YOU MAY HAVE AS TO WHAT THE LAW MAY BE - OR OUGHT TO BE - IT WOULD VIOLATE YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT WHICH I GIVE YOU.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 71-2 (Matthew Bender 2021); *Patapsco Insurance Co. v. Southgate*, 30 U.S. 604, 621, 8 L. Ed. 243 (1831); *Franks v. United States Lines Co.*, 324 F.2d 126 (2d Cir. 1963); *United States v. 564.54 Acres of Land*, 576 F.2d 983 (3d Cir. 1978), *rev'd on other grounds*, 441 U.S. 506 (1979); Third Circuit Model Civil Jury Instruction 3.1; *Shelak v. White Motor Co*., 636 F.2d 1069 (5th Cir. 1981); *Martin v. Travelers Indemnity Co.,* 450 F.2d 542 (5th Cir. 1971); *Nolan v. Greene*, 383 F.2d 814 (6th Cir. 1967); *Tyree v. New York C. R. Co*., 382 F.2d 524 (6th Cir. 1967); Eighth Circuit Civil Jury Instructions, Preliminary Instruction 1.4, Instruction for Use at Close of Trial 3.21; Eleventh Circuit: Eleventh Circuit Pattern Civil Jury Instructions, General Preliminary Instruction 1.1, Interim Statements 1.5, Basic Instructions 3.2, 3.2.2, 3.2.3.

PLAINTIFF'S INSTRUCTION NO. 2

INSTRUCTION NO. _____

ROLE OF THE JURY

AS MEMBERS OF THE JURY, YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS. YOU PASS UPON THE EVIDENCE. YOU DETERMINE THE CREDIBILITY OF THE WITNESSES. YOU RESOLVE SUCH CONFLICTS AS THERE MAY BE IN THE TESTIMONY. YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE TO DRAW FROM THE FACTS AS YOU HAVE DETERMINED THEM, AND YOU DETERMINE THE WEIGHT OF THE EVIDENCE.

IN DETERMINING THESE ISSUES, NO ONE MAY INVADE YOUR PROVINCE OR FUNCTIONS AS JURORS. IN ORDER FOR YOU TO DETERMINE THE FACTS, YOU MUST RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE. WHAT THE LAWYERS HAVE SAID IN THEIR OPENING STATEMENTS, IN THEIR CLOSING ARGUMENTS, IN THEIR OBJECTIONS, OR IN THEIR QUESTIONS IS NOT EVIDENCE. NOR IS WHAT I MAY HAVE SAID—OR WHAT I MAY SAY IN THESE INSTRUCTIONS—ABOUT A FACT ISSUE EVIDENCE. IN THIS CONNECTION, YOU SHOULD BEAR IN MIND THAT A QUESTION PUT TO A WITNESS IS NEVER EVIDENCE, IT IS ONLY THE ANSWER WHICH IS EVIDENCE. BUT YOU MAY NOT CONSIDER ANY ANSWER THAT I DIRECTED YOU TO DISREGARD OR THAT I DIRECTED STRUCK FROM THE RECORD. DO NOT CONSIDER SUCH ANSWERS.

SINCE YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS, I DO NOT MEAN TO INDICATE ANY OPINION AS TO THE FACTS OR WHAT YOUR VERDICT SHOULD BE. THE RULINGS I HAVE MADE DURING THE TRIAL ARE NOT ANY INDICATION OF MY VIEWS OF WHAT YOUR DECISION SHOULD BE AS TO WHETHER OR NOT THE (PLAINTIFF/DEFENDANT) HAS PROVEN HIS CASE.

I ALSO ASK YOU TO DRAW NO INFERENCE FROM THE FACT THAT UPON OCCASION I ASKED QUESTIONS OF CERTAIN WITNESSES. THESE QUESTIONS WERE ONLY INTENDED FOR CLARIFICATION OR TO EXPEDITE MATTERS AND CERTAINLY WERE NOT INTENDED TO SUGGEST ANY OPINIONS ON MY PART AS TO THE VERDICT YOU SHOULD RENDER, OR WHETHER ANY OF THE WITNESSES MAY HAVE BEEN MORE CREDIBLE THAN ANY OTHER WITNESSES. YOU ARE EXPRESSLY TO UNDERSTAND THAT THE COURT HAS NO OPINION AS TO THE VERDICT YOU SHOULD RENDER IN THIS CASE.

AS TO THE FACTS, LADIES AND GENTLEMEN, YOU ARE THE EXCLUSIVE JUDGES. YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE TO ANY PARTY.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 71-3 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 3

INSTRUCTION NO. _____

CONDUCT OF COUNSEL

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. COUNSEL ALSO HAVE THE RIGHT AND DUTY TO ASK THE COURT TO MAKE RULINGS OF LAW AND TO REQUEST CONFERENCES AT THE SIDE BAR OUT OF THE HEARING OF THE JURY. ALL THOSE QUESTIONS OF LAW MUST BE DECIDED BY ME, THE COURT. YOU SHOULD NOT SHOW ANY PREJUDICE AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE THE ATTORNEY OBJECTED TO THE ADMISSIBILITY OF EVIDENCE, OR ASKED FOR A CONFERENCE OUT OF THE HEARING OF THE JURY OR ASKED THE COURT FOR A RULING ON THE LAW.

AS I ALREADY INDICATED, MY RULINGS ON THE ADMISSIBILITY OF EVIDENCE DO NOT, UNLESS EXPRESSLY STATED BY ME, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 71-7 (Matthew Bender 2021); Seventh Circuit Pattern Civil Jury Instruction 2.14.

PLAINTIFF'S INSTRUCTION NO. 4

INSTRUCTION NO. _____

BURDEN OF PROOF - GENERAL INSTRUCTION

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF HAS THE BURDEN OF PROVING THE MATERIAL ALLEGATIONS OF HIS COMPLAINT.

IF AFTER CONSIDERING ALL OF THE TESTIMONY YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED HIS BURDEN ON EACH ESSENTIAL POINT AS TO WHICH HE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF ON HIS CLAIMS.

IF AFTER SUCH CONSIDERATION YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PLAINTIFF HAS FAILED TO SUSTAIN HIS BURDEN AND YOU MUST FIND FOR THE DEFENDANT.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 73-1 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 5

INSTRUCTION NO. _____

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

THE PARTY WITH THE BURDEN OF PROOF ON ANY GIVEN ISSUE HAS THE BURDEN OF PROVING EVERY DISPUTED ELEMENT OF HIS CLAIM TO YOU BY A PREPONDERANCE OF THE EVIDENCE. IF YOU CONCLUDE THAT THE PARTY BEARING THE BURDEN OF PROOF HAS FAILED TO ESTABLISH HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DECIDE AGAINST HIM ON THE ISSUE YOU ARE CONSIDERING.

WHAT DOES A "PREPONDERANCE OF EVIDENCE" MEAN? TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT THE FACT IS MORE LIKELY TRUE THAN NOT TRUE. A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE. IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS. IN DETERMINING WHETHER A CLAIM HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL THE RELEVANT EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS EVENLY DIVIDED BETWEEN THE PARTIES—THAT IT IS EQUALLY PROBABLE THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT—THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS BURDEN OF PROOF. THAT IS BECAUSE THE PARTY BEARING THIS BURDEN MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE—HE MUST PROVE THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE. ON THE OTHER HAND, THE PARTY WITH THIS BURDEN OF PROOF NEED PROVE NO MORE THAN A PREPONDERANCE. SO LONG AS YOU FIND THAT THE SCALES TIP, HOWEVER SLIGHTLY, IN FAVOR OF THE PARTY WITH THIS BURDEN OF PROOF—THAT WHAT THE PARTY CLAIMS IS MORE LIKELY TRUE THAN NOT TRUE - THEN THAT ELEMENT WILL HAVE BEEN PROVED BY A PREPONDERANCE OF EVIDENCE.

SOME OF YOU MAY HAVE HEARD OF PROOF BEYOND A REASONABLE DOUBT, WHICH IS THE PROPER STANDARD OF PROOF IN A CRIMINAL TRIAL. THAT REQUIREMENT DOES NOT APPLY TO A CIVIL CASE SUCH AS THIS AND YOU SHOULD PUT IT OUT OF YOUR MIND.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 73-2 (Matthew Bender 2021); *Romano v. U-Haul Int'l*, 233 F.3d 655 (1st Cir. 2000); *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997); *Larson v. JoAnn Cab Corp*., 209 F.2d 929 (2d Cir. 1954); *Porter v. American Export Lines, Inc.*, 387 F.2d 409 (3d Cir. 1968); *Virgin Islands Labor Union v. Caribe Construction Co*., 343 F.2d 364 (3d Cir. 1965); Third Circuit Model Civil Jury Instruction 1.10; *Bartley v. Euclid, Inc*., 158 F.3d 261 (5th Cir. 1998); *Williams v. Eau Claire Public Schools*, 397 F.3d 441 (6th Cir. 2005); *Disner v. Westinghouse Electric Corp*., 726 F.2d 1106 (6th Cir. 1984); Eighth Circuit Civil Jury Instruction 3.4; *Nutraceutical Corp. v. Von Eschenbach*, 459 F.3d 1033 (10th Cir. 2006), *cert. denied*, 550 U.S. 933 (2007); *Black v. M & M Gear Co.*, 269 F.3d 1220 (10th Cir. 2001); *Porter v. Natsios*, 414 F.3d 13 (D.C. Cir. 2005); *Jazz Photo Corp v. United States*, 439 F.3d 1344 (Fed. Cir. 2006).

PLAINTIFF'S INSTRUCTION NO. 6

INSTRUCTION NO. _____

WHAT IS AND IS NOT EVIDENCE

THE EVIDENCE IN THIS CASE IS THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS RECEIVED IN EVIDENCE, STIPULATIONS, AND JUDICIALLY NOTICED FACTS.

BY CONTRAST, THE QUESTIONS OF THE LAWYERS ARE NOT TO BE CONSIDERED BY YOU AS EVIDENCE. IT IS THE WITNESSES' ANSWERS THAT ARE EVIDENCE, NOT THE QUESTIONS.

AT TIMES, A LAWYER MAY HAVE INCORPORATED INTO A QUESTION A STATEMENT WHICH ASSUMED CERTAIN FACTS TO BE TRUE, AND ASKED THE WITNESS IF THE STATEMENT WAS TRUE. IF THE WITNESS DENIED THE TRUTH OF A STATEMENT, AND IF THERE IS NO DIRECT EVIDENCE IN THE RECORD PROVING THAT ASSUMED FACT TO BE TRUE, THEN YOU MAY NOT CONSIDER IT TO BE TRUE SIMPLY BECAUSE IT WAS CONTAINED IN THE LAWYER'S QUESTION. THE FAMOUS EXAMPLE OF THIS IS THE LAWYER'S QUESTION OF A MARRIED WITNESS: "WHEN DID YOU STOP BEATING YOUR WIFE?" YOU WOULD NOT BE PERMITTED TO CONSIDER AS TRUE THE ASSUMED FACT THAT HE EVER BEAT HIS WIFE, UNLESS THE WITNESS HIMSELF INDICATED HE HAD, OR UNLESS THERE WAS SOME OTHER EVIDENCE IN THE RECORD THAT HE HAD BEATEN HIS WIFE.

TESTIMONY THAT HAS BEEN STRICKEN OR EXCLUDED IS NOT EVIDENCE AND MAY NOT BE CONSIDERED BY YOU IN RENDERING YOUR VERDICT. ALSO, IF CERTAIN TESTIMONY WAS RECEIVED FOR A LIMITED PURPOSE—SUCH AS FOR THE PURPOSE OF ASSESSING A WITNESS'S CREDIBILITY—YOU MUST FOLLOW THE LIMITING INSTRUCTIONS I HAVE GIVEN.

ARGUMENTS BY LAWYERS ARE NOT EVIDENCE, BECAUSE THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID TO YOU IN THEIR OPENING STATEMENTS AND IN THEIR SUMMATIONS IS INTENDED TO HELP YOU UNDERSTAND THE EVIDENCE TO REACH YOUR VERDICT. HOWEVER, IF YOUR RECOLLECTION OF THE FACTS DIFFERS FROM THE LAWYERS' STATEMENTS, IT IS YOUR RECOLLECTION WHICH CONTROLS.

TO CONSTITUTE EVIDENCE WHICH MAY BE CONSIDERED BY YOU, EXHIBITS MUST BE RECEIVED IN EVIDENCE. EXHIBITS MARKED FOR IDENTIFICATION BUT NOT ADMITTED ARE NOT EVIDENCE, NOR ARE MATERIALS BROUGHT FORTH ONLY TO REFRESH A WITNESS' RECOLLECTION.

FINALLY, STATEMENTS WHICH I MAY HAVE MADE CONCERNING THE QUALITY OF THE EVIDENCE DO NOT CONSTITUTE EVIDENCE.

IT IS FOR YOU ALONE TO DECIDE THE WEIGHT, IF ANY, TO BE GIVEN TO THE TESTIMONY YOU HAVE HEARD AND THE EXHIBITS YOU HAVE SEEN.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 74-1 (Matthew Bender 2021); *United States v. Aluminum Co. of America*, 1 F.R.D. 62 (S.D.N.Y. 1939); *Sims v. Greene*, 161 F.2d 87 (3d Cir. 1947); *Rodriguez v. Olin Corp*., 780 F.2d 491, 496 (5th Cir. 1986); Seventh Circuit Pattern Civil Jury Instruction 1.06; *Haines v. Powermatic Houdaille, Inc*., 661 F.2d 94 (8th Cir. 1981); Eighth Circuit Civil Jury Instruction 1.02; Ninth Circuit Model Civil Jury Instructions 1.6 and 1.7; *Rasmussen Drilling, Inc., v. Kerr-McGee Nuclear Corporation*, 571 F.2d 1144 (10th Cir. 1978).

PLAINTIFF'S INSTRUCTION NO. 7

INSTRUCTION NO. _____

DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE TWO TYPES OF EVIDENCE WHICH YOU MAY PROPERLY USE IN REACHING YOUR VERDICT.

ONE TYPE OF EVIDENCE IS DIRECT EVIDENCE. DIRECT EVIDENCE IS WHEN A WITNESS TESTIFIES ABOUT SOMETHING HE KNOWS BY VIRTUE OF HIS OWN SENSES - SOMETHING HE HAS SEEN, FELT, TOUCHED, OR HEARD. DIRECT EVIDENCE MAY ALSO BE IN THE FORM OF AN EXHIBIT WHEN THE FACT TO BE PROVED IS ITS PRESENT EXISTENCE OR CONDITION.

THE OTHER TYPE OF EVIDENCE IS CIRCUMSTANTIAL EVIDENCE. THIS IS EVIDENCE WHICH TENDS TO PROVE A DISPUTED FACT BY PROOF OF OTHER FACTS. THERE IS A SIMPLE EXAMPLE OF CIRCUMSTANTIAL EVIDENCE WHICH IS OFTEN USED IN THIS COURTHOUSE.

ASSUME THAT WHEN YOU CAME INTO THE COURTHOUSE THIS MORNING THE SUN WAS SHINING AND IT WAS A NICE DAY. ASSUME THAT THE COURTROOM BLINDS WERE DRAWN AND YOU COULD NOT LOOK OUTSIDE. AS YOU WERE SITTING HERE, SOMEONE WALKED IN WITH AN UMBRELLA WHICH WAS DRIPPING WET. THEN A FEW MINUTES LATER ANOTHER PERSON ALSO ENTERED WITH A WET UMBRELLA. NOW, YOU CANNOT LOOK OUTSIDE OF THE COURTROOM AND YOU CANNOT SEE WHETHER OR NOT IT IS RAINING. SO YOU HAVE NO DIRECT EVIDENCE OF THAT FACT. BUT ON THE COMBINATION OF FACTS WHICH I HAVE ASKED YOU TO ASSUME, IT WOULD BE REASONABLE AND LOGICAL FOR YOU TO CONCLUDE THAT IT HAD BEEN RAINING.

THAT IS ALL THERE IS TO CIRCUMSTANTIAL EVIDENCE. YOU INFER ON THE BASIS OF REASON AND EXPERIENCE AND COMMON SENSE FROM ONE ESTABLISHED FACT THE EXISTENCE OR NON-EXISTENCE OF SOME OTHER FACT.

CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE; FOR, IT IS A GENERAL RULE THAT THE LAW MAKES NO DISTINCTION BETWEEN DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE BUT SIMPLY REQUIRES THAT YOUR VERDICT MUST BE BASED ON (E.G., A PREPONDERANCE OF) ALL THE EVIDENCE PRESENTED.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 74-2 (Matthew Bender 2021); *Michalic v. Cleveland Tankers, Inc*., 364 U.S. 325, 330, 81 S. Ct. 6, 5 L. Ed. 2d 20 (1960); *United Textile Workers of America, AFL-CIO, Local Union No. 120 v. Newberry Mills, Inc.*, 238 F. Supp. 366 (W.D.S.C. 1965); Fifth Circuit Pattern Civil Jury Instruction 2.18; Seventh Circuit Pattern Civil Jury Instruction 1.12; *Ellis Fischel State Cancer Hosp. v. Marshall*,

629 F.2d 563 (8th Cir. 1980); Ninth Circuit Model Civil Jury Instruction 1.9; *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321 (11th Cir. 1982); Eleventh Circuit Pattern Civil Jury Instructions, Preliminary Instruction 1.1.

PLAINTIFF'S INSTRUCTION NO. 8

INSTRUCTION NO. _____

DEPOSITIONS

SOME OF THE TESTIMONY BEFORE YOU IS IN THE FORM OF DEPOSITIONS WHICH HAVE BEEN RECEIVED IN EVIDENCE. A DEPOSITION IS SIMPLY A PROCEDURE WHERE PRIOR TO TRIAL THE ATTORNEYS FOR ONE SIDE MAY QUESTION A WITNESS OR AN ADVERSARY PARTY UNDER OATH BEFORE A COURT STENOGRAPHER. THIS IS PART OF THE PRETRIAL DISCOVERY, AND EACH SIDE IS ENTITLED TO TAKE DEPOSITIONS. YOU MAY CONSIDER THE TESTIMONY OF A WITNESS GIVEN AT A DEPOSITION ACCORDING TO THE SAME STANDARDS YOU WOULD USE TO EVALUATE THE TESTIMONY OF A WITNESS GIVEN AT TRIAL.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 74-14 (Matthew Bender 2021); Third Circuit Model Civil Jury Instruction 2.5; Fifth Circuit Model Civil Jury Instruction 2.23; Seventh Circuit Pattern Civil Jury Instruction 2.08; Ninth Circuit Model Civil Jury Instruction 2.4; *Minshall v. McGraw Hill Broad. Co*., 323 F.3d 1273 (10th Cir. 2003); Eleventh Circuit Pattern Civil Jury Instructions, Trial Instruction 2.2.

PLAINTIFF'S INSTRUCTION NO. 9

INSTRUCTION NO. _____

INFERENCE DEFINED

DURING THE TRIAL YOU HAVE HEARD THE ATTORNEYS USE THE TERM "INFERENCE," AND IN THEIR ARGUMENTS THEY HAVE ASKED YOU TO INFER, ON THE BASIS OF YOUR REASON, EXPERIENCE, AND COMMON SENSE, FROM ONE OR MORE ESTABLISHED FACTS, THE EXISTENCE OF SOME OTHER FACT.

AN INFERENCE IS NOT A SUSPICION OR A GUESS. IT IS A REASONED, LOGICAL CONCLUSION THAT A DISPUTED FACT EXISTS ON THE BASIS OF ANOTHER FACT WHICH HAS BEEN SHOWN TO EXIST.

THERE ARE TIMES WHEN DIFFERENT INFERENCES MAY BE DRAWN FROM FACTS, WHETHER PROVED BY DIRECT OR CIRCUMSTANTIAL EVIDENCE. THE PLAINTIFF ASKS YOU TO DRAW ONE SET OF INFERENCES, WHILE THE DEFENSE ASKS YOU TO DRAW ANOTHER. IT IS FOR YOU, AND YOU ALONE, TO DECIDE WHAT INFERENCES YOU WILL DRAW.

THE PROCESS OF DRAWING INFERENCES FROM FACTS IN EVIDENCE IS NOT A MATTER OF GUESSWORK OR SPECULATION. AN INFERENCE IS A DEDUCTION OR CONCLUSION WHICH YOU, THE JURY, ARE PERMITTED TO DRAW—BUT NOT REQUIRED TO DRAW—FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. IN DRAWING INFERENCES, YOU SHOULD EXERCISE YOUR COMMON SENSE.

SO, WHILE YOU ARE CONSIDERING THE EVIDENCE PRESENTED TO YOU, YOU ARE PERMITTED TO DRAW, FROM THE FACTS WHICH YOU FIND TO BE PROVEN, SUCH REASONABLE INFERENCES AS WOULD BE JUSTIFIED IN LIGHT OF YOUR EXPERIENCE.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 75-1 (Matthew Bender 2021); *Schulz v. Pennsylvania R. Co*., 350 U.S. 523, 526, 76 S. Ct. 608, 100 L. Ed. 668 (1956); *Lavender v. Kurn*, 327 U.S. 645, 653, 66 S. Ct. 740, 90 L. Ed. 916 (1946); *EEOC v. Greyhound Lines*, 635 F.2d 188, 194 (3d Cir. 1980); *United States v. An Article of Device*, 731 F.2d 1253, 1262–1263 (7th Cir. 1984); *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324–1326 (11th Cir. 1982).

PLAINTIFF'S INSTRUCTION NO. 10

INSTRUCTION NO. _____

WITNESS CREDIBILITY

YOU HAVE HAD THE OPPORTUNITY TO OBSERVE ALL OF THE WITNESSES. IT IS NOW YOUR JOB TO DECIDE HOW BELIEVABLE EACH WITNESS WAS IN HIS OR HER TESTIMONY. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF EACH WITNESS AND OF THE IMPORTANCE OF HIS OR HER TESTIMONY.

IT MUST BE CLEAR TO YOU BY NOW THAT YOU ARE BEING CALLED ON TO RESOLVE VARIOUS FACTUAL ISSUES RAISED BY THE PARTIES IN THE FACE OF VERY DIFFERENT PICTURES PAINTED BY BOTH SIDES. (IF APPLICABLE: IT MUST ALSO BE OBVIOUS TO YOU THAT BOTH SIDES CANNOT BE TRUE AND THIS IS WHERE YOU PLAY YOUR ROLE AS JURORS.) IN MAKING THESE JUDGMENTS, YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY OF EACH WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED, AND ANY OTHER MATTER IN EVIDENCE THAT MAY HELP YOU DECIDE THE TRUTH AND THE IMPORTANCE OF EACH WITNESS'S TESTIMONY.

HOW DO YOU DETERMINE WHERE THE TRUTH LIES? YOU WATCHED EACH WITNESS TESTIFY. EVERYTHING A WITNESS SAID OR DID ON THE WITNESS STAND COUNTS IN YOUR DETERMINATION. HOW DID THE WITNESS IMPRESS YOU? DID HE OR SHE APPEAR TO BE FRANK, FORTHRIGHT, AND CANDID, OR EVASIVE AND EDGY AS IF HIDING SOMETHING? HOW DID THE WITNESS APPEAR; WHAT WAS HIS OR HER DEMEANOR—THAT IS, HIS OR HER CARRIAGE, BEHAVIOR, BEARING, MANNER, AND APPEARANCE WHILE TESTIFYING? OFTEN IT IS NOT WHAT A PERSON SAYS BUT HOW HE OR SHE SAYS IT THAT MOVES US.

YOU SHOULD USE ALL THE TESTS FOR TRUTHFULNESS THAT YOU WOULD USE IN DETERMINING MATTERS OF IMPORTANCE TO YOU IN YOUR EVERYDAY LIFE. YOU SHOULD CONSIDER ANY BIAS OR HOSTILITY THE WITNESS MAY HAVE SHOWN FOR OR AGAINST ANY PARTY AS WELL AS ANY INTEREST THE WITNESS HAS IN THE OUTCOME OF THE CASE. YOU SHOULD CONSIDER THE OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, AND KNOW THE THINGS ABOUT WHICH HE OR SHE TESTIFIED, THE ACCURACY OF THE WITNESS'S MEMORY, THE WITNESS'S CANDOR OR LACK OF CANDOR, THE WITNESS'S INTELLIGENCE, THE REASONABLENESS AND PROBABILITY OF THE WITNESS'S TESTIMONY AND ITS CONSISTENCY OR LACK OF CONSISTENCY AND ITS CORROBORATION OR LACK OF CORROBORATION WITH OTHER CREDIBLE TESTIMONY.

IN OTHER WORDS, WHAT YOU MUST TRY TO DO IN DECIDING CREDIBILITY IS TO SIZE A WITNESS UP IN LIGHT OF HIS OR HER DEMEANOR, THE EXPLANATIONS GIVEN, AND ALL OF THE OTHER EVIDENCE IN THE CASE.

ALWAYS REMEMBER THAT YOU SHOULD USE YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR OWN LIFE EXPERIENCE.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 76-1 (Matthew Bender 2021); *Sartor v. Arkansas Natural Gas Corp*., 321 U.S. 620, 628, 64 S. Ct. 724, 88 L. Ed. 967 (1944); *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952); *Arnstein v. Porter*, 154 F.2d 464, 469–470 (2d Cir. 1946); Third Circuit Model Civil Jury Instruction 1.7; *Powers v. Bayliner Marine Corp*., 83 F.3d 789, 794 (6th Cir. 1996); Seventh Circuit Pattern Civil Jury Instruction 1.13; Eighth Circuit Civil Jury Instruction 3.03; Ninth Circuit Model Civil Jury Instruction 1.11; Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 3.4; *District of Columbia Circuit: United States v. American Telephone & Telegraph Co.,* 83 F.R.D. 323, 339–340 (D.D.C. 1979).

PLAINTIFF'S INSTRUCTION NO. 11

INSTRUCTION NO. _____

DISCREPANCIES IN TESTIMONY

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF CERTAIN WITNESSES, AND COUNSEL HAVE ARGUED THAT SUCH DISCREPANCIES ARE A REASON FOR YOU TO REJECT THE TESTIMONY OF THOSE WITNESSES.

YOU ARE INSTRUCTED THAT EVIDENCE OF DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS'S TESTIMONY. ON THE OTHER HAND, DISCREPANCIES IN A WITNESS'S TESTIMONY OR BETWEEN HIS OR HER TESTIMONY AND THAT OF OTHERS DO NOT NECESSARILY MEAN THAT THE WITNESS'S ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS AND EVEN A TRUTHFUL WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF. IT IS ALSO A FACT THAT TWO PEOPLE WITNESSING AN EVENT WILL SEE OR HEAR IT DIFFERENTLY. WHETHER A DISCREPANCY PERTAINS TO A FACT OF IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED IN WEIGHING ITS SIGNIFICANCE; BUT A WILLFUL FALSEHOOD ALWAYS IS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR TOTAL IMPRESSION OF THE WITNESS, HOW TO WEIGH THE DISCREPANCIES IN HIS OR HER TESTIMONY. YOU SHOULD, AS ALWAYS, USE COMMON SENSE AND YOUR OWN GOOD JUDGMENT.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 76-4 (Matthew Bender 2021); *Quock Ting v. United States*, 140 U.S. 417, 420–421, 11 S. Ct. 733, 35 L. Ed. 501 (1891).

PLAINTIFF'S INSTRUCTION NO. 12

INSTRUCTION NO. _____

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

YOU HAVE HEARD EVIDENCE THAT AT SOME EARLIER TIME THE WITNESS HAS SAID OR DONE SOMETHING THAT COUNSEL ARGUES IS INCONSISTENT WITH THE WITNESS'S TRIAL TESTIMONY.

EVIDENCE OF A PRIOR INCONSISTENT STATEMENT IS NOT TO BE CONSIDERED BY YOU AS AFFIRMATIVE EVIDENCE IN DETERMINING LIABILITY. EVIDENCE OF A PRIOR INCONSISTENT STATEMENT WAS PLACED BEFORE YOU FOR THE MORE LIMITED PURPOSE OF HELPING YOU DECIDE WHETHER TO BELIEVE THE TRIAL TESTIMONY OF THE WITNESS WHO CONTRADICTED HIMSELF. IF YOU FIND THAT THE WITNESS MADE AN EARLIER STATEMENT THAT CONFLICTS WITH HIS TRIAL TESTIMONY, YOU MAY CONSIDER THAT FACT IN DECIDING HOW MUCH OF HIS TRIAL TESTIMONY, IF ANY, TO BELIEVE.

IN MAKING THIS DETERMINATION, YOU MAY CONSIDER WHETHER THE WITNESS PURPOSELY MADE A FALSE STATEMENT OR WHETHER IT WAS AN INNOCENT MISTAKE; WHETHER THE INCONSISTENCY CONCERNS AN IMPORTANT FACT, OR WHETHER IT HAD TO DO WITH A SMALL DETAIL; WHETHER THE WITNESS HAD AN EXPLANATION FOR THE INCONSISTENCY, AND WHETHER THAT EXPLANATION APPEALED TO YOUR COMMON SENSE.

IT IS EXCLUSIVELY YOUR DUTY, BASED ON ALL THE EVIDENCE AND YOUR OWN GOOD JUDGMENT, TO DETERMINE WHETHER THE PRIOR STATEMENT WAS INCONSISTENT, AND IF SO HOW MUCH, IF ANY, WEIGHT TO GIVE TO THE INCONSISTENT STATEMENT IN DETERMINING WHETHER TO BELIEVE ALL OR PART OF THE WITNESS'S TESTIMONY.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 76-5 (Matthew Bender 2021); *Saladino v. Winkler*, 609 F.2d 1211, 1214 (7th Cir. 1979).

PLAINTIFF'S INSTRUCTION NO. 13

INSTRUCTION NO. _____

EXPERT WITNESSES

IN THIS CASE, I HAVE PERMITTED CERTAIN WITNESSES TO EXPRESS THEIR OPINIONS ABOUT MATTERS THAT ARE IN ISSUE. A WITNESS MAY BE PERMITTED TO TESTIFY TO AN OPINION ON THOSE MATTERS ABOUT WHICH HE OR SHE HAS SPECIAL KNOWLEDGE, SKILL, EXPERIENCE, AND TRAINING. SUCH TESTIMONY IS PRESENTED TO YOU ON THE THEORY THAT SOMEONE WHO IS EXPERIENCED AND KNOWLEDGEABLE IN THE FIELD CAN ASSIST YOU IN UNDERSTANDING THE EVIDENCE OR IN REACHING AN INDEPENDENT DECISION ON THE FACTS.

IN WEIGHING THIS OPINION TESTIMONY, YOU MAY CONSIDER THE WITNESS'S QUALIFICATIONS, HIS OR HER OPINIONS, THE REASONS FOR TESTIFYING, AS WELL AS ALL OF THE OTHER CONSIDERATIONS THAT ORDINARILY APPLY WHEN YOU ARE DECIDING WHETHER OR NOT TO BELIEVE A WITNESS'S TESTIMONY. YOU MAY GIVE THE OPINION TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES IN LIGHT OF ALL THE EVIDENCE IN THIS CASE. YOU SHOULD NOT, HOWEVER, ACCEPT OPINION TESTIMONY MERELY BECAUSE I ALLOWED THE WITNESS TO TESTIFY CONCERNING HIS OR HER OPINION. NOR SHOULD YOU SUBSTITUTE IT FOR YOUR OWN REASON, JUDGMENT, AND COMMON SENSE. THE DETERMINATION OF THE FACTS IN THIS CASE RESTS SOLELY WITH YOU.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 76-9 (Matthew Bender 2021); *United States v. Simon*, 425 F.2d 796, 806 (2d Cir. 1969); Third Circuit Model Civil Jury Instruction 2.11; Seventh Circuit Pattern Civil Jury Instruction 1.21; *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999); Ninth Circuit Model Civil Jury Instruction 2.11; *Maiz v. Virani,* 253 F.3d 641, 667–668 (11th Cir. 2001); Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 3.6.1.

PLAINTIFF'S INSTRUCTION NO. 14

INSTRUCTION NO. _____

TITLE VII - GENERALLY

PLAINTIFF BASES HIS [HER] LAWSUIT ON TITLE VII OF THE CIVIL RIGHTS ACT OF 1964. THE ACT PROVIDES IN PERTINENT PART THAT IT SHALL BE AN UNLAWFUL EMPLOYMENT PRACTICE FOR AN EMPLOYER "TO FAIL OR REFUSE TO HIRE OR TO DISCHARGE ANY INDIVIDUAL, OR OTHERWISE TO DISCRIMINATE AGAINST ANY INDIVIDUAL WITH RESPECT TO HIS COMPENSATION, TERMS, CONDITIONS, OR PRIVILEGES OF EMPLOYMENT, BECAUSE OF SUCH INDIVIDUAL'S RACE...."

AN UNLAWFUL EMPLOYMENT PRACTICE IS ESTABLISHED WHEN THE COMPLAINING PARTY DEMONSTRATES THAT RACE WAS A MOTIVATING FACTOR IN ANY EMPLOYMENT PRACTICE, EVEN THOUGH OTHER FACTORS MAY HAVE ALSO MOTIVATED THE PRACTICE. A "MOTIVATING FACTOR" IS A FACTOR THAT PLAYED SOME PART IN DEFENDANT'S EMPLOYMENT PRACTICE DECISION.

TO PROVE HIS [HER] CLAIM, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE:

FIRST, THAT DEFENDANT FIRED THE PLAINTIFF, AND

SECOND, THAT PLAINTIFF'S RACE WAS A MOTIVATING FACTOR IN DEFENDANT'S DECISION TO FIRE PLAINTIFF.

Authority: Vol. 5 Ch. 88, Modern Federal Jury Instructions - Civil, ¶ 88-42 (Matthew Bender 2021); 42 U.S.C. §§ 1981a(a)(1) and (c)(1), as added by the CRA of 1991, section 102; 42 U.S.C. § 2000e-2(a).42 U.S.C. § 2000e-2(m), as added by the CRA of 1991, section 107(a); 42 U.S.C. § 2000e-5(g)(2)(B), as added by the CRA of 1991, section 107(b); *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998); *Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004); *Jones v. SEPTA*, 796 F.3d 323 (3d Cir. 2015); *Tetro v. Elliott,* Popham Pontiac, 173 F.3d 988 (6th Cir. 1999); *Wixson v. Dowagiac Nursing Home*, 87 F.3d 164 (6th Cir. 1996); *Gorence v. Eagle Food Centers, Inc*., 242 F.3d 759 (7th Cir. 2001); *Sheehan v. Donlen Corp.*, 173 F.3d 1039 (7th Cir. 1999); Winbush v. Iowa, 66 F.3d 1471 (8th Cir. 1995); *Winbush v. Iowa*, 66 F.3d 1471 (8th Cir. 1995); *Foster v. Univ. of Arkansas*, 938 F.2d 111 (8th Cir. 1991); *Balint v. Carson City*, 180 F.3d 1047 (9th Cir. 1999); *Norman-Bloodsaw v. Lawrence Berkeley Lab*., 135 F.3d 1260 (9th Cir. 1998); *Ryan v. City of Shawnee,* 13 F.3d 345 (10th Cir. 1993); *Lathem v. Department of Children & Youth Servs*., 172 F.3d 786 (11th Cir. 1999); Batey v. Stone, 24 F.3d 1330 (11th Cir. 1994).

PLAINTIFF'S INSTRUCTION NO. 15

INSTRUCTION NO. _____

TITLE VII - MIXED MOTIVE

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT'S ADVERSE EMPLOYMENT ACTION WAS MOTIVATED BY THE PLAINTIFF'S RACE, AND ALSO BY OTHER LAWFUL REASONS. IF YOU FIND THAT THE PLAINTIFF'S [RACE, COLOR, RELIGION, SEX, OR NATIONAL ORIGIN] WAS A MOTIVATING FACTOR IN THE DEFENDANT'S DECISION TO TAKE THIS ACTION, THE PLAINTIFF IS ENTITLED TO YOUR VERDICT, EVEN IF YOU FIND THAT THE DEFENDANT'S CONDUCT WAS ALSO MOTIVATED BY OTHER LAWFUL REASONS.

HOWEVER, IF YOU FIND THAT THE DEFENDANT'S DECISION WAS MOTIVATED BY BOTH DISCRIMINATORY AND LAWFUL REASONS, YOU MUST DECIDE WHETHER THE PLAINTIFF IS ENTITLED TO DAMAGES. THE PLAINTIFF IS ENTITLED TO DAMAGES UNLESS THE DEFENDANT PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT WOULD HAVE MADE THE SAME DECISION EVEN IF THE DISCRIMINATORY REASON HAD PLAYED NO ROLE IN THE EMPLOYMENT DECISION.

Authority: Vol. 5 Ch. 88, Modern Federal Jury Instructions - Civil, ¶ 88-43 (Matthew Bender 2021); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989) (superseded by statute); Smith v. Xerox Corp., 602 F.3d 320 (5th Cir. 2010) abrogated on other grounds by Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 570 U.S.—, 186 L. Ed. 2d 503, 523 (2013); Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312 (6th Cir. 2012); Eighth Circuit Civil Jury Instructions 5.10, 5.40 (2013).

PLAINTIFF'S INSTRUCTION NO. 16

INSTRUCTION NO. _____

TITLE VII - PRETEXT

THE DEFENDANT HAS OFFERED EVIDENCE THAT IT TOOK THE ADVERSE ACTION ENTIRELY FOR NONDISCRIMINATORY REASONS. REMEMBER THAT IT IS THE PLAINTIFF'S BURDEN TO PROVE THAT AT LEAST ONE OF THE MOTIVATING REASONS FOR THE DECISION WAS INTENTIONAL DISCRIMINATION AND THAT AN EMPLOYER MAY TAKE ADVERSE DECISIONS AGAINST AN EMPLOYEE FOR ANY REASON, GOOD OR BAD, AS LONG AS IT IS NOT DISCRIMINATORY. HOWEVER, YOU SHOULD SCRUTINIZE THE REASONS PROFFERED BY THE DEFENDANT, JUST AS YOU WOULD ANY OTHER EVIDENCE. IF YOU FIND THAT THE REASONS WERE "PRETEXTUAL," THAT IS, THEY WERE NOT THE REAL REASONS FOR THE DECISION, THEN YOU MAY INFER OR NOT INFER, AS YOU CHOOSE, THAT THE PRETEXT WAS DESIGNED TO CONCEAL DISCRIMINATION.

Authority: Vol. 5 Ch. 88, Modern Federal Jury Instructions - Civil, ¶ 88-44 (Matthew Bender 2021); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998); *Turner v. Kansas City Southern Ry. Co*., 675 F.3d 887 (5th Cir. 2012); *Romans v. Michigan Dep't of Human Services*, 668 F.3d 826 (6th Cir. 2012); *Matthews v. Waukesha County*, 759 F.3d 821, 827 (7th Cir. 2014); *Coleman v. Donahoe*, 667 F.3d 835 (7th Cir. 2012); Holland v. Gee, 677 F.3d 1047 (11th Cir. 2012).

PLAINTIFF'S INSTRUCTION NO. 17

INSTRUCTION NO. _____

TITLE VII - ADVERSE ACTION

IN THIS CASE, THERE IS ONLY ONE ISSUE GENUINELY IN DISPUTE AND THEREFORE ONLY ONE ISSUE YOU MUST DECIDE: THAT IS WHETHER THE PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT WAS MOTIVATED BY THE PLAINTIFF'S RACE TO TAKE THE ADVERSE ACTION OF WHICH THE PLAINTIFF COMPLAINS. THE PLAINTIFF IS NOT REQUIRED TO PROVE THAT THE DEFENDANT TOOK THIS ACTION SOLELY OR PRIMARILY BECAUSE OF THE PLAINTIFF'S RACE, BUT SHE MUST PROVE THAT CONSCIOUS CONSIDERATION OF THE PLAINTIFF'S RACE PLAYED AT LEAST SOME PART IN THE DEFENDANT'S DECISION TO TAKE THE ADVERSE ACTION.

Authority: Vol. 5 Ch. 88, Modern Federal Jury Instructions - Civil, ¶ 88-44 (Matthew Bender 2021);

PLAINTIFF'S INSTRUCTION NO. 18

INSTRUCTION NO. _____

TITLE VII - COMPENSATORY DAMAGES - GENERALLY

THE PURPOSE OF THE LAW OF DAMAGES IS TO AWARD, AS FAR AS POSSIBLE, JUST AND FAIR COMPENSATION FOR THE LOSS, IF ANY, WHICH RESULTED FROM THE DEFENDANT'S VIOLATION OF THE PLAINTIFF'S RIGHTS. IF YOU FIND THAT THE DEFENDANT IS LIABLE ON THE CLAIMS, AS I HAVE EXPLAINED THEM, THEN YOU MUST AWARD THE PLAINTIFF SUFFICIENT DAMAGES TO COMPENSATE HIM OR HER FOR ANY INJURY PROXIMATELY CAUSED BY THE DEFENDANT'S CONDUCT.

THESE ARE KNOWN AS "COMPENSATORY DAMAGES." COMPENSATORY DAMAGES SEEK TO MAKE THE PLAINTIFF WHOLE—THAT IS, TO COMPENSATE HIM OR HER FOR THE DAMAGE SUFFERED. DAMAGES FOR A BREACH OF CONTRACT SHOULD PLACE THE WRONGED PARTY IN AS GOOD A POSITION AS THAT PARTY WOULD HAVE BEEN IF THE BREACHING PARTY HAD FULLY PERFORMED ITS OBLIGATIONS UNDER THE CONTRACT. FURTHERMORE, COMPENSATORY DAMAGES ARE NOT LIMITED MERELY TO EXPENSES THAT PLAINTIFF MAY HAVE BORNE. A PREVAILING PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGES FOR THE PHYSICAL INJURY, PAIN AND SUFFERING, MENTAL ANGUISH, SHOCK AND DISCOMFORT THAT HE OR SHE HAS SUFFERED BECAUSE OF A DEFENDANT'S CONDUCT.

I REMIND YOU THAT YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT A PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY A DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR AND REASONABLE, NEITHER INADEQUATE NOR EXCESSIVE. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT A PLAINTIFF HAS ACTUALLY SUFFERED OR WHICH HE OR SHE IS REASONABLY LIKELY TO SUFFER IN THE NEAR FUTURE.

IN AWARDING COMPENSATORY DAMAGES, IF YOU DECIDE TO AWARD THEM, YOU MUST BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE A PLAINTIFF TO PROVE THE AMOUNT OF HIS OR HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

IN ALL INSTANCES, YOU ARE TO USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU DEEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 77-3 (Matthew Bender 2021); *Story Parchment Co. v. Paterson Parchment Paper Co*., 282 U.S. 555, 51 S. Ct. 248, 75 L. Ed. 544 (1931); *Brand Marketing Group LLC v. Intertek Testing Services*, N.A., Inc., 801 F.3d 347 (3d Cir. 2015); *Cortez v. Trans Union*, LLC, 617 F.3d 688 (3d Cir. Pa. 2010); *Kinty v. United Mine Workers of America*, 544 F.2d 706 (4th Cir. 1976); *Northwestern National Casualty Co. v. McNulty*, 307 F.2d 432 (5th Cir. 1962); Fifth Circuit Pattern Civil Jury Instruction 15.2.; *U.C. Castings Co. v. Knight*, 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc.*, 600 F.2d 103 (7th Cir. 1979); *Bluebonnet Savings Bank v. United States*, 339 F.3d 1341 (Fed. Cir. 2003).

PLAINTIFF'S INSTRUCTION NO. 19

INSTRUCTION NO. _____

TILE VII - MITIGATION OF DAMAGES

YOU ARE INSTRUCTED THAT ANY PERSON WHO CLAIMS DAMAGES AS A RESULT OF AN ALLEGED WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE UNDER THE CIRCUMSTANCES TO "MITIGATE," OR MINIMIZE, THOSE DAMAGES. THE LAW IMPOSES ON AN INJURED PERSON THE DUTY TO TAKE ADVANTAGE OF REASONABLE OPPORTUNITIES HE MAY HAVE TO PREVENT THE AGGRAVATION OF HIS INJURIES, SO AS TO REDUCE OR MINIMIZE THE LOSS OR DAMAGE.

IF YOU FIND THE DEFENDANT IS LIABLE AND THAT THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE HE COULD HAVE AVOIDED THROUGH SUCH REASONABLE EFFORT. IF THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY RECOVERY FOR THOSE DAMAGES WHICH HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

BEAR IN MIND THAT THE QUESTION WHETHER THE PLAINTIFF ACTED "REASONABLY" WITH RESPECT TO THE MITIGATION OF DAMAGES IS ONE FOR YOU TO DECIDE, AS SOLE JUDGES OF THE FACTS. ALTHOUGH THE LAW WILL NOT ALLOW AN INJURED PLAINTIFF TO SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO MITIGATE, THIS DOES NOT IMPLY THAT THE LAW REQUIRES AN INJURED PLAINTIFF TO EXERT HIMSELF UNREASONABLY OR INCUR UNREASONABLE EXPENSE IN AN EFFORT TO MITIGATE, AND IT IS DEFENDANT'S BURDEN OF PROVING THAT THE DAMAGES REASONABLY COULD HAVE BEEN AVOIDED. IN DECIDING WHETHER TO REDUCE PLAINTIFF'S DAMAGES DUE TO SOME FAILURE TO MITIGATE, THEREFORE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANT HAS SATISFIED HIS BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 77-7 (Matthew Bender 2021); *Pa. State Police v. Suders*, 542 U.S. 129, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004); Third Circuit Model Civil Jury Instructions 4.8.1, 5.4.1, 6.4.1, 9.4.; *Southport Transit Co. v. Avondale Marine Ways, Inc.,* 234 F.2d 947 (5th Cir. 1956); Fifth Circuit Pattern Civil Jury Instruction 15.5; Ninth Circuit Model Civil Jury Instruction 5.3; *Hildago Properties, Inc. v. Wachovia Mortgage Co*., 617 F.2d 196 (10th Cir. 1980); *Trejo v. Denver & Rio Grande Western*

*Railroad Co.*, 568 F.2d 181 (10th Cir. 1977); Eleventh Circuit: Eleventh Circuit Pattern Civil Jury Instructions, Damage Instruction 4.1.

PLAINTIFF'S INSTRUCTION NO. 20

INSTRUCTION NO. _____

TITLE VII - COMPENSATORY DAMAGES FOR PAIN AND SUFFERING

YOU MAY AWARD DAMAGES FOR ANY PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, OR LOSS OF ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED AS A CONSEQUENCE OF THE DEFENDANT'S ALLEGEDLY UNLAWFUL ACTS OR OMISSIONS. NO EVIDENCE OF THE MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO EVIDENCE. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL.

Authority: United States Court of Appeals for the Third Circuit, Instructions for Employment Discrimination Claims Under Title VII, Instruction 5.4.1, Aug, 2020 (excerpt), https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf.

PLAINTIFF'S INSTRUCTION NO. 21

INSTRUCTION NO. _____

TITLE VII - BACKPAY AND FRONTPAY

     I INSTRUCT YOU THAT IN AWARDING COMPENSATORY DAMAGES, YOU ARE NOT TO AWARD DAMAGES FOR 38 THE AMOUNT OF WAGES THAT THE PLAINTIFF WOULD HAVE EARNED, EITHER IN THE PAST OR IN THE FUTURE, IF SHE HAD CONTINUED IN EMPLOYMENT WITH THE DEFENDANT. THESE ELEMENTS OF RECOVERY OF WAGES THAT THE PLAINTIFF WOULD HAVE RECEIVED FROM THE DEFENDANT ARE CALLED "BACK PAY" AND "FRONT PAY." UNDER THE APPLICABLE LAW, THE DETERMINATION OF "BACK PAY" AND "FRONT PAY" IS FOR THE COURT.

Authority: United States Court of Appeals for the Third Circuit, Instructions for Employment Discrimination Claims Under Title VII, Instruction 5.4.1, Aug, 2020 (excerpt), https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf.

PLAINTIFF'S INSTRUCTION NO. 22

INSTRUCTION NO. _____

TITLE VII - DAMAGES FOR LOSS OF EARNINGS
RESULTING FROM HARM TO THE PLAINTIFF'S REPUTATION

      YOU MAY AWARD DAMAGES FOR MONETARY LOSSES THAT THE PLAINTIFF MAY SUFFER IN THE FUTURE AS A RESULT OF THE DEFENDANT'S ALLEGEDLY UNLAWFUL ACT OR OMISSION.  FOR EXAMPLE, YOU MAY AWARD DAMAGES FOR LOSS OF EARNINGS RESULTING FROM ANY HARM TO THE PLAINTIFF'S REPUTATION THAT WAS SUFFERED AS A RESULT OF THE DEFENDANT'S ALLEGEDLY UNLAWFUL ACT OR OMISSION. WHERE A VICTIM OF DISCRIMINATION HAS BEEN TERMINATED BY AN EMPLOYER, AND HAS SUED THAT EMPLOYER FOR DISCRIMINATION, SHE MAY FIND IT MORE DIFFICULT TO BE EMPLOYED IN THE FUTURE, OR MAY HAVE TO TAKE A JOB THAT PAYS LESS THAN IF THE DISCRIMINATION HAD NOT OCCURRED. THAT ELEMENT OF DAMAGES IS DISTINCT FROM THE AMOUNT OF WAGES THE PLAINTIFF WOULD HAVE EARNED IN THE FUTURE FROM THE DEFENDANT IF SHE HAD RETAINED THE JOB.

Authority: United States Court of Appeals for the Third Circuit, Instructions for Employment Discrimination Claims Under Title VII, Instruction 5.4.1, Aug, 2020 (excerpt), https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf.

PLAINTIFF'S INSTRUCTION NO. 23

INSTRUCTION NO. _____

TITLE VII - NOMINAL DAMAGES

IF YOU FIND, AFTER CONSIDERING ALL THE EVIDENCE PRESENTED, THAT THE DEFENDANT VIOLATED THE PLAINTIFF'S RIGHTS OR BREACHED A DUTY OWED TO THE PLAINTIFF, BUT THAT THE PLAINTIFF SUFFERED NO INJURY AS A RESULT OF THIS VIOLATION OR BREACH, YOU MAY AWARD THE PLAINTIFF "NOMINAL DAMAGES." "NOMINAL DAMAGES" ARE AWARDED AS RECOGNITION THAT THE PLAINTIFF'S RIGHTS HAVE BEEN VIOLATED. YOU WOULD AWARD NOMINAL DAMAGES IF YOU CONCLUDE THAT THE ONLY INJURY THAT A PLAINTIFF SUFFERED WAS THE DEPRIVATION OF HIS RIGHTS, WITHOUT ANY RESULTING PHYSICAL, EMOTIONAL OR FINANCIAL DAMAGE.

YOU MAY ALSO AWARD NOMINAL DAMAGES IF, UPON FINDING THAT SOME INJURY RESULTED FROM A GIVEN UNLAWFUL ACT, YOU FIND THAT YOU ARE UNABLE TO COMPUTE MONETARY DAMAGES EXCEPT BY ENGAGING IN PURE SPECULATION AND GUESSING.

YOU MAY NOT AWARD BOTH NOMINAL AND COMPENSATORY DAMAGES TO A PLAINTIFF; EITHER HE WAS MEASURABLY INJURED, IN WHICH CASE YOU MUST AWARD COMPENSATORY DAMAGES, OR ELSE HE WAS NOT, IN WHICH CASE YOU MAY AWARD NOMINAL DAMAGES.

NOMINAL DAMAGES MAY NOT BE AWARDED FOR MORE THAN A TOKEN SUM.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 77-6 (Matthew Bender 2021); *Magnett v. Pelletier*, 488 F.2d 33 (1st Cir. 1973); *Rentas v. Ruffin*, 816 F.3d 214 (2d Cir. 2016); *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983).

PLAINTIFF'S INSTRUCTION NO. 24

INSTRUCTION NO. _____

CONTRACT - ISSUES AND BURDEN OF PROOF

THE CONTRACT ISSUES IN THIS CASE ARE:

(1)    WAS THERE A CONTRACT BETWEEN THE PARTIES?

(2)    IF THERE WAS, DID THE DEFENDANT BREACH IT?

(3)    IF THE PLAINTIFF IS ENTITLED TO RECOVER FOR BREACH OF CONTRACT, WHAT IS THE AMOUNT OF HER DAMAGE?

ON THESE ISSUES THE PLAINTIFF HAS THE BURDEN OF PROOF.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.000 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 25

INSTRUCTION NO. _____

CONTRACT - DEFINITION OF CONTRACT

A CONTRACT IS AN AGREEMENT, FOR CONSIDERATION, BETWEEN TWO OR MORE PARTIES. A CONTRACT ARISES WHEN AN OFFER IS ACCEPTED.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.010 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 26

INSTRUCTION NO. _____

CONTRACT - OFFER

AN OFFER IS A PROPOSAL OF THE TERMS ON WHICH A PERSON WILL ENTER INTO AN AGREEMENT IF THAT PROPOSAL IS ACCEPTED BY THE PERSON TO WHOM IT IS MADE.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.020 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 27

INSTRUCTION NO. _____

CONTRACT - ACCEPTANCE

ACCEPTANCE OF AN OFFER IS A VOLUNTARY EXPRESSION OF ASSENT TO BE BOUND BY THE TERMS OF THE OFFER.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.030 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 28

INSTRUCTION NO. _____

CONTRACT - CONSIDERATION

CONSIDERATION IS WHAT IS GIVEN IN EXCHANGE FOR A PROMISE.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.040 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 29

INSTRUCTION NO. _____

CONTRACT -  EXPRESS CONTRACT

AN EXPRESS CONTRACT IS AN AGREEMENT, EITHER WRITTEN OR ORAL, IN WHICH THE TERMS ARE STATED BY THE PARTIES.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.200 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 30

INSTRUCTION NO. _____

CONTRACT -  IMPLIED CONTRACT

A CONTRACT MAY BE IMPLIED FROM THE CIRCUMSTANCES AND THE CONDUCT OF THE PARTIES.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.210 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 31

INSTRUCTION NO. _____

CONTRACT - CONTRACT CONSTRUED AS A WHOLE

THE CONTRACT SHOULD BE CONSIDERED AS A WHOLE; NO PART OF IT SHOULD BE IGNORED. THE CONTRACT SHOULD BE INTERPRETED TO GIVE EFFECT TO EACH OF ITS PROVISIONS. NO WORD OR PHRASE IN A CONTRACT SHOULD BE TREATED AS MEANINGLESS IF ANY MEANING WHICH IS REASONABLE AND CONSISTENT WITH OTHER PARTS OF THE CONTRACT CAN BE GIVEN TO IT.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.300 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 32

INSTRUCTION NO. _____

CONTRACT -  ORDINARY MEANING OF WORDS

WORDS USED BY THE PARTIES SHOULD BE GIVEN THEIR ORDINARY, USUAL, AND POPULAR MEANING, UNLESS YOU FIND THAT THE PARTIES CLEARLY INTENDED SUCH WORDS TO HAVE ANOTHER MEANING.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.305 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 33

INSTRUCTION NO. _____

CONTRACT - CONSTRUCTION AGAINST THE DRAFTER

IN INTERPRETING A CONTRACT, YOU SHOULD RESOLVE ANY DOUBTS ABOUT THE MEANING OF A WORD OR PHRASE AGAINST THE PARTY WHO [PREPARED; SUPPLIED; INSERTED THE LANGUAGE IN; USED THE LANGUAGE IN] THE CONTRACT.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.310 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 34

INSTRUCTION NO. _____

CONTRACT - MATERIAL BREACH OF CONTRACT

A MATERIAL BREACH OF CONTRACT OCCURS IF A PARTY FAILS TO DO SOMETHING WHICH HE IS BOUND TO DO ACCORDING TO THE CONTRACT WHICH IS SO IMPORTANT AND CENTRAL TO THE CONTRACT THAT THE FAILURE DEFEATS THE VERY PURPOSE OF THE CONTRACT.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.400 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 35

INSTRUCTION NO. _____

CONTRACT - DAMAGES - DIRECT

IF YOU FIND YOUR VERDICT FOR THE PLAINTIFF, THEN HE IS ENTITLED TO RECOVER AS DAMAGES ALL OF THE LOSSES HE SUSTAINED, INCLUDING GAINS PREVENTED, THAT ARE A NATURAL AND ORDINARY RESULT OF THE BREACH AND THAT HE HAS PROVED BY THE GREATER WEIGHT OF THE EVIDENCE.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.500 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 36

INSTRUCTION NO. _____

CONTRACT - DAMAGES - REASONABLE PROOF

THE BURDEN IS ON THE PLAINTIFF TO PROVE BY THE GREATER WEIGHT OF THE EVIDENCE THAT SHE SUSTAINED EACH ITEM OF DAMAGE SHE CLAIMS. SHE IS NOT REQUIRED TO PROVE THE EXACT AMOUNT OF HIS DAMAGES, BUT SHE MUST SHOW SUFFICIENT FACTS AND CIRCUMSTANCES TO PERMIT YOU TO MAKE A REASONABLE ESTIMATE OF EACH ITEM.  IF THE PLAINTIFF FAILS TO DO SO, THEN SHE CANNOT RECOVER FOR THAT ITEM.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.510 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 37

INSTRUCTION NO. _____

CONTRACT - DAMAGES - CONSEQUENTIAL

CONSEQUENTIAL DAMAGES ARE DAMAGES RESULTING FROM THE BREACH OF THE CONTRACT THAT ARISE FROM SPECIAL CIRCUMSTANCES ACTUALLY FORESEEN OR REASONABLY FORESEEABLE BY THE PARTIES WHEN THEY MADE THE CONTRACT. IF YOU FIND YOUR VERDICT IN FAVOR OF THE PLAINTIFF, YOU MAY AWARD HER SUCH DAMAGES AS YOU BELIEVE BY THE GREATER WEIGHT OF THE EVIDENCE SHE SUSTAINED AS A RESULT OF THE BREACH.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.530 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 38

INSTRUCTION NO. _____

CONTRACT - DAMAGES - DUTY TO MITIGATE

THE PLAINTIFF HAD A DUTY TO MINIMIZE HER DAMAGES. IF YOU FIND THAT THE PLAINTIFF DID NOT ACT REASONABLY TO MINIMIZE HER DAMAGES AND, AS A RESULT, THEY WERE GREATER THAN IF SHE HAD ACTED TO MINIMIZE THEM, THEN SHE CANNOT RECOVER THE AMOUNT BY WHICH THEY WERE INCREASED. THE DUTY TO MINIMIZE DAMAGES BEGINS WHEN THE PLAINTIFF KNEW, OR SHOULD HAVE KNOWN, OF THE BREACH OF THE CONTRACT.

THE BURDEN IS ON THE DEFENDANT TO PROVE BY THE GREATER WEIGHT OF THE EVIDENCE THAT THE PLAINTIFF FAILED TO MINIMIZE HIS DAMAGES AND TO PROVE BY THE GREATER WEIGHT OF THE EVIDENCE THE AMOUNT BY WHICH THEY WERE INCREASED AS A RESULT.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.550 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 39

INSTRUCTION NO. _____

CONTRACT -  FINDING INSTRUCTION

YOU SHALL FIND YOUR VERDICT FOR THE PLAINTIFF IF SHE HAS PROVED BY THE GREATER WEIGHT OF THE EVIDENCE THAT: (1) THERE WAS A CONTRACT BETWEEN THE PARTIES; AND (2) THE DEFENDANT BREACHED THE CONTRACT.

YOU SHALL FIND YOUR VERDICT FOR THE DEFENDANT IF THE PLAINTIFF FAILED TO PROVE EITHER OF THE ELEMENTS ABOVE.

Authority: Vol. 2, Ch. 45, Virginia Model Jury Instructions - Civil, Instruction 45.600 (Matthew Bender 2021).

PLAINTIFF'S INSTRUCTION NO. 43

INSTRUCTION NO. _____

DUTY TO DELIBERATE; UNANIMOUS VERDICT

YOU WILL NOW RETURN TO DECIDE THE CASE. IN ORDER TO PREVAIL, THE PLAINTIFF MUST SUSTAIN HIS OR HER BURDEN OF PROOF AS I HAVE EXPLAINED TO YOU WITH RESPECT TO EACH ELEMENT OF THE COMPLAINT. IF YOU FIND THAT THE PLAINTIFF HAS SUCCEEDED, YOU SHOULD RETURN A VERDICT IN HER FAVOR ON THAT CLAIM. IF YOU FIND THAT THE PLAINTIFF FAILED TO SUSTAIN THE BURDEN ON ANY ELEMENT OF THE CLAIM, YOU SHOULD RETURN A VERDICT AGAINST THE PLAINTIFF.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF OR HERSELF, BUT YOU SHOULD DO SO ONLY AFTER A CONSIDERATION OF THE CASE WITH YOUR FELLOW JURORS, AND YOU SHOULD NOT HESITATE TO CHANGE AN OPINION WHEN CONVINCED THAT IT IS ERRONEOUS. YOUR VERDICT MUST BE UNANIMOUS, BUT YOU ARE NOT BOUND TO SURRENDER YOUR HONEST CONVICTIONS CONCERNING THE EFFECT OR WEIGHT OF THE EVIDENCE FOR THE MERE PURPOSE OF RETURNING A VERDICT OR SOLELY BECAUSE OF THE OPINION OF OTHER JURORS. DISCUSS AND WEIGH YOUR RESPECTIVE OPINIONS DISPASSIONATELY, WITHOUT REGARD TO SYMPATHY, WITHOUT REGARD TO PREJUDICE OR FAVOR FOR EITHER PARTY, AND ADOPT THAT CONCLUSION WHICH IN YOUR GOOD CONSCIENCE APPEARS TO BE IN ACCORDANCE WITH THE TRUTH.

AGAIN, EACH OF YOU MUST MAKE YOUR OWN DECISION ABOUT THE PROPER OUTCOME OF THIS CASE BASED ON YOUR CONSIDERATION OF THE EVIDENCE AND YOUR DISCUSSIONS WITH YOUR FELLOW JURORS. NO JUROR SHOULD SURRENDER HIS OR HER CONSCIENTIOUS BELIEFS SOLELY FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 78-3 (Matthew Bender 2021); *American Publishing Co. v. Fisher*, 166 U.S. 464, 17 S. Ct. 618, 41 L. Ed. 1079 (1896); *Grace Lines, Inc. v. Motley*, 439 F.2d 1028 (2d Cir. 1971); Third Circuit Model Civil Jury Instruction 3.1; Fifth Circuit Pattern Civil Jury Instruction 3.7; Eighth Circuit Civil Jury Instruction 3.06; *Jazzabi v. Allstate Ins. Co*., 278 F.3d 979 (9th Cir. 2002); Ninth Circuit Model Civil Jury Instruction 3.1; *Bledsoe v. Garcia*, 742 F.2d 1237 (10th Cir. 1984); Eleventh Circuit Pattern Civil Jury Instructions 3.8.1, 3.8.2.

PLAINTIFF'S INSTRUCTION NO. 44

INSTRUCTION NO. _____

SELECTION OF FOREPERSON

WHEN YOU RETIRE, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN OPEN COURT.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 78-5 (Matthew Bender 2021); Third Circuit Model Civil Jury Instruction 3.1; Fifth Circuit Pattern Civil Jury Instruction 3.7; Seventh Circuit Pattern Civil Jury Instruction 1.32; Eighth Circuit Model Civil Jury Instruction 3.06; Ninth Circuit Model Civil Jury Instruction 3.1; Eleventh Circuit Pattern Civil Jury Instruction 3.9.

PLAINTIFF'S INSTRUCTION NO. 45

INSTRUCTION NO. _____

RETURN OF VERDICT

AFTER YOU HAVE REACHED A VERDICT, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT AND ADVISE THE MARSHAL OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN TO THE COURTROOM.

Authority: Vol. 4 Ch. 71, Modern Federal Jury Instructions - Civil, ¶ 78-6 (Matthew Bender 2021); Third Circuit Model Civil Jury Instruction 3.1; Fifth Circuit Pattern Civil Jury Instruction 3.7; Seventh Circuit Pattern Civil Jury Instruction 1.32; Eighth Circuit Civil Jury Instruction 3.6; Ninth Circuit Model Civil Jury Instruction 3.5; Eleventh Circuit Pattern Civil Jury Instruction 3.9.

Respectfully submitted,

**DEBORAH AHO SMITH**

By:  _/s/ Raymond L. Hogge, Jr._
Raymond L. Hogge, Jr. (VSB No. 29445)
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, Virginia 23510
Tel: (757) 961-5400 | Fax: (757) 962-5979
Cell: (757) 650-3307
rayhogge@virginialaborlaw.com
Counsel for Deborah Aho Smith

December 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Deborah Yeng Collins, Esq.
Yeng Collins Law PLLC
440 Monticello Avenue, Suite 1875
Norfolk, VA 23510
deb@yengcollinslaw.com
Counsel for Defendant

_/s/ Raymond L. Hogge, Jr_
Raymond L. Hogge, Jr. (VSB No. 29445)
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, Virginia 23510
Tel: (757) 961-5400 | Fax: (757) 962-5979
Cell: (757) 650-3307
rayhogge@virginialaborlaw.com
Counsel for Deborah Aho Smith